UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY LEE #791018,

        Plaintiff,         Case No. 1:17-cv-474

v.         Honorable Janet T. Neff

UNKNOWN WAGNER, et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Harrison, Dewey, Milanowski, Weber, and Viglianco. The Court will serve the complaint against Defendant Wagner.

**Factual Allegations**

Plaintiff Gregory Lee is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. The events of which he complains, however, occurred while he was incarcerated across the street at the Bellamy Creek Correctional Facility (IBC).[1] He sues IBC Sergeants Unknown Wagner and Unknown Harrison, as well as IBC Corrections Officers Unknown Dewey, Unknown Milanowski, Unknown Weber, and Unknown Viglianco.

Plaintiff alleges that during the afternoon of February 8, 2017, he was escorted to housing unit 8 for placement into temporary segregation because of a sexual misconduct ticket. Plaintiff encountered Defendant Wagner and asked him whether he was still holding a grudge because of an incident on June 7, 2016, involving both men, where chemical agents were deployed to subdue Plaintiff. Defendant Wagner responded "Yes I am." Plaintiff told Wagner that his grudge was retaliatory. Defendant Wagner responded that Plaintiff should not file lawsuits.

Later that afternoon, Defendant Wagner sent Defendant Milanowski to Plaintiff's cell to confiscate Plaintiff's underwear. When Plaintiff asked for an explanation, Defendant Milanowski responded: "I don't know. You have to ask Sergeant Wagner."

---

[1] The MDOC has transferred Plaintiff frequently. Plaintiff was at IBC in early 2016. Then he was transferred to Woodland Center Correctional Facility as of June 9, 2016. (June 14, 2016 Letter, *Lee v. Tinarella*, No. 1:16-cv-458 (W.D. Mich.), ECF No. 16.) By July 5, 2016, he had been transferred to the Macomb Correctional Facility. (July 5, 2016 Letter, *Id.*, ECF No. 17.) Plaintiff was transferred from Macomb back to Woodland Center. (Oct. 24, 2016 Letter, *Id.*, ECF No. 43.) By October 20, 2016, Plaintiff had been transferred to the Gus Harrison Correctional Facility. (Oct. 20, 2016 Letter, *Id.*, ECF No. 44.) By December 5, 2016, Plaintiff had been transferred back to IBC. (Dec. 5, 2016 Letter, *Id.*, ECF No. 56.) By April 20, 2017, Plaintiff had been transferred to ICF. (Apr. 20, 2017 Letter, *Id.*, ECF No. 73.) In addition to the instant lawsuit and *Lee v. Tinarella*, Plaintiff has filed three suits in the United States District Court for the Eastern District of Michigan against MDOC employees from the Macomb Correctional Facility.

About one-half hour later, Plaintiff attempted to commit suicide. To secure Plaintiff, the officers used chemical agents and placed Plaintiff in restraints. Plaintiff was put on close observation (suicide watch) in cell 2 in the segregation unit.

Plaintiff discovered that there was no mattress in cell 2. When he asked Defendant Wagner about it, Wagner said: "You know why." Plaintiff asked again. Wagner then responded: "I'm entitled to my opinion of you just as you are in your lawsuit with Tinarella." Plaintiff accused Wagner of retaliation. Wagner responded: "Well, file another lawsuit."

Plaintiff inquired of Defendant Harrison, while Harrison reviewed Plaintiff on several misconduct tickets, how long Plaintiff would be on mattress restriction. Harrison responded that there was no mattress restriction. Defendant Wagner then interrupted and said there was a restriction.

Plaintiff asked Defendant Milanowski if Plaintiff was on mattress restriction. Milanowski responded: "That's my boss, I gotta do what I'm told." Plaintiff later asked Defendant Dewey if he could have a mattress. Dewey said no, but acknowledged that Plaintiff was not on mattress restriction as far as Dewey knew.

On February 10, 2017, Plaintiff asked Defendants Weber and Viglianco for a mattress. Both Defendants declined based on a message from second shift, Wagner's shift.

On February 16, 2017, after eight days without any suicidal incidents, Plaintiff was removed from close observation and placed in a regular segregation cell with a mattress. The next day, Plaintiff claims that he started to experience pain in his right shoulder and hip.

The MDOC has a written policy directive that describes the circumstances where a prisoner in segregation may be deprived of certain otherwise permitted property items, such as a

mattress. MDOC Policy Directive 04.05.120 (eff. 9/27/2010). The directive explains that a mattress may be withheld from a prisoner in segregation for serious reasons of safety or security related to the item or privilege upon written approval from the Warden or Deputy Warden. *Id.*, ¶ CC. The policy directive requires that the reason for the restriction be documented on a particular form, the Restriction of Segregation Property and Privileges form (CAJ-687). *Id.*

After his release from close observation, Plaintiff sought the property restriction form regarding his mattress. On March 6, 2017, Plaintiff's suspicion that proper procedure had not been followed was confirmed. At that point, three weeks after the restriction had ended, he filed a grievance regarding the matter and concluded that he should get medical treatment for his pain. He was treated with ibuprofen and instructed as to exercises he could perform to loosen up his bicep muscle and tendon.

Plaintiff contends the removal of his mattress for eight days constitutes cruel and unusual punishment, in violation of the Eighth Amendment. Although Plaintiff alleges that Defendant Wagner is principally responsible for the removal of Plaintiff's mattress, Plaintiff argues that the other Defendants are liable as well for failing to correct the situation when they became aware of it. Plaintiff further contends that Defendant Wagner's decision to remove the mattress was retaliatory for Plaintiff's filing of lawsuits against MDOC employees, in violation of the First Amendment.

## Discussion

I. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

II. <u>Eighth Amendment</u>

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*,

503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

Plaintiff contends that Defendant Wagner's removal of Plaintiff's mattress from the suicide watch cell is an extreme deprivation and that Defendant Wagner was not only deliberately indifferent, but actually malicious and sadistic, when he removed the mattress. Cases considering the Eighth Amendment implications of mattress restrictions, however, do not support Plaintiff's contention. In *Grissom v. Davis*, 55 F. App'x 756, 757 (6th Cir. 2003), a prisoner received a major misconduct ticket for destroying her mattress. Prison officials took her mattress away for seven days. As a result, her "body was aching." The Sixth Circuit affirmed the district court's dismissal of the claim concluding that it failed with respect to both the objective and subjective requirements. The deprivation of a mattress for a short period is simply not serious enough. The level of discomfort and injury one might expect a prisoner to suffer by virtue of sleeping without a mattress for a few days simply cannot support a claim that the prisoner has been denied "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347.

Despite variations on: (1) the reason for the restriction; (2) the duration of the restriction; (3) the susceptibility of the prisoner to injury; and (4) the alleged injury, the courts in the Sixth Circuit have routinely rejected Eighth Amendment claims for mattress restrictions.[2] Plaintiff

---

[2]*See Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) ("In the absence of evidence that a prisoner suffered a physical injury, the deprivation of a mattress and bedding for a fixed period of time does not violate the Eighth Amendment."); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750 (6th Cir. Feb. 15, 1996) (prisoner denied mattress for two weeks); *Carter v. Hickok*, No. 1:14-cv-1099, 2016 WL 4727427 (W.D. Mich. Sep. 12, 2016) (prisoner was deprived of mattress for four days because of damage to the mattress, prisoner suffered from Multiple Sclerosis, loss of mattress resulted in exacerbation of MS, pain in hips, back , and thighs, anxiety, depression, humiliation and discomfort and sleep deprivation); *Peterson v. County of Monroe*, No. 12-cv-11460, 2014 WL 1328205 (E.D. Mich. Mar. 28, 2014) (prisoner deprived of mattress for four days, contended that he suffered "frostbite" as a result, court concluded undisputed evidence showed only light bruising and dry skin); *Bean v. Tribley*, No. 2:11-cv-427, 2012 WL 2317580 (W.D. Mich. Jun. 18, 2012) (prisoner used mattress to facilitate a sexual misconduct violation, mattress removed for seven days with no substitute, despite documented history of back problems); *Sanders v. Smith*, No. 1:11-cv-892, 2011 WL 5921246 (W.D.

alleges nothing in his complaint that might distinguish his situation from the situations in the cited cases. The deprivation was relatively short; it followed two of the common precipitating events (sexual misconduct and suicide attempt); there is nothing to suggest that Plaintiff was particularly susceptible to injury from mattress deprivation; based on his allegations, Plaintiff did not even suffer pain until after the period of restriction was over; and his injury, if any, was not serious; he did not seek treatment for weeks and the treatment consisted of ibuprofen and exercise. Accordingly, the Court concludes that Plaintiff has failed to state an Eighth Amendment claim relating to the eight-day deprivation of his mattress.

### III. First Amendment retaliation

Plaintiff contends that Defendant Wagner removed Plaintiff's mattress to retaliate against him for filing lawsuits against MDOC employees. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was

---

Mich. Nov. 27, 2011) (prisoner deprived of mattress, sheets, and bed coverings for 38 days following placement on suicide watch and misconduct charge for destruction of property, even after officials removed plaintiff from suicide watch and he was found not guilty of property destruction)*; Seay v. Prince*, No. 1:10CV-P59-R, 2010 WL 3340599 (W.D. Ky. Aug. 20, 2010) (prisoner with "bad back" denied mat and forced to sleep on the floor for two 48-hour periods and one 24-hour period, but court found no Eighth Amendment violation); *Jones v. Carberry*, No. 2:08-cv-268, 2010 WL 1172562 (W.D. Mich. Mar. 24, 2010) (prisoner deprived of mattress for 39 days after receiving major misconduct ticket for destroying his mattress, plaintiff suffered general discomfort and back pain as a result); *Robinson v. McBurney*, No. 2:07-cv-85, 2009 WL 440634 (W.D. Mich. Feb. 23, 2009) (prisoner deprived of mattress in close observation cell following suicide attempt, deprivation for only one day, mattress was removed under mistaken belief that it had to be removed for proper suicide watch); *Carter v. Ricumstrict*, No. 07-13311, 2008 WL 4225844, *2 (E.D. Mich. Sep. 10, 2008) (prisoner deprived of mattress several times for fixed periods of time because he used it to facilitate sexual misconduct violations, prisoner suffered from Multiple Sclerosis and loss of mattress caused "aches and pains and constant muscle spasms"); *Reed v. Rutter*, No. 2:08-cv-200, 2008 WL 4741724 (W.D. Mich. Oct. 24, 2008) (prisoner used rolled up mattress as a platform to commit sexual misconduct violation, he was without any mattress or substitute for five days); *Kelly v. Holman*, No. 2:07-cv-206, 2007 WL 5335188 (W.D. Mich. Dec. 14, 2007) (report and recommendation) (prisoner deprived of mattress for seven days following misconduct ticket, suffered back problems as a result), *adopted in relevant part*, 2008 WL 2795573 (W.D. Mich. Jul. 18, 2008); *Jarrett v. Bouchard*, No. 2:05-cv-195, 2006 WL 2632460 (W.D. Mich. Sep. 13, 2006) (prisoner deprived of mattress for four days after rolling mattress up and using it to strike at cell window).

taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). Plaintiff's allegations suffice to state a First Amendment retaliation claim against Defendant Wagner.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Harrison, Dewey, Milanowski, Weber, and Viglianco will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Wagner.

An Order consistent with this Opinion will be entered.


Dated: __June 16, 2017__   /s/ Janet T. Neff
Janet T. Neff
United States District Court Judge